UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Criminal Action No. 6: 13-027-DCR-13 |
| V. | ) ) | |
| RYAN MATTHEW SMITH, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) ) | |

*** *** *** ***

Defendant Ryan Matthew Smith is serving a term of imprisonment of 51 months for his role in a large conspiracy to manufacture methamphetamine. [Record No. 419] Although the Court granted Smith a downward variance from his original guideline range at sentencing, Smith has filed a motion for an additional sentence reduction under Amendment 782 to the United States Sentencing Guidelines and 18 U.S.C. § 3582(c)(2). [Record No. 446] Smith's sentence of 51 months falls below the original guideline range calculated in this case, but falls within the newly calculated range of 46 to 57 months. [*Id.*] After reviewing his motion and the record, the Court finds that further reduction of Smith's sentence is unwarranted.

The issue presented by the current motion is whether a sentence reduction would be appropriate in light of the facts of the case and all relevant factors to be considered under 18 U.S.C. § 3553. The Court considers, *inter alia*, the seriousness of the crime, the personal history and characteristics of the defendant, the defendant's acceptance or responsibility and cooperation, specific and general deterrence, and the need to protect the public from

potential, future crimes by Smith. While Smith has filed this motion for reduction based on Amendment 782, he has not outlined any additional facts or arguments in favor of a further reduction of his sentence.

Smith, a veteran who served one tour of duty in Iraq, admitted to exchanging boxes of pseudoephedrine for oxycodone to fuel his addiction. [*See* Record No. 438, p. 6.] His addiction and other criminal behavior began after Smith sustained a traumatic brain injury during his military service. While he did not physically manufacture methamphetamine, he was aware that the pseudoephedrine he provided would be used for that purpose.

His Base Offense Level was 26, which was reduced by three levels for acceptance of responsibility. [Record No. 438, p. 4] This resulted in a Total Offense Level of 23. [*Id.*] When coupled with his Criminal History Category III, Smith's non-binding guideline range was calculated to be 57 to 71 months. [Record No. 438, p. 4] At sentencing, the Government requested a within-guideline sentence of 61 months. However, after carefully considering Smith's personal characteristics and his role in the conspiracy, the undersigned determined that a sentence of 51 months was sufficient, but not greater than necessary, to meet the applicable statutory goals and objectives under 18 U.S.C. § 3553.

While the Court considered Smith's military service under U.S.S.G. § 5H1.11, the Court found that provision was offset by the negative impact of Smith's less than honorable discharge from the military based on criminal charges. [Record No. 438, p. 13] However, a variance below the guideline range was still appropriate based on several positive factors outlined at sentencing and in Smith's sentencing memorandum. Smith's role in the conspiracy was motivated by his own addiction and, unlike other co-conspirators in this case and in others that this Court often sees, Smith did not sell to other individuals. [Record No.

438, p. 15] The Court also noted that, at the time of Smith's sentence, it appeared that Amendment 782 was going to go into effect. [Record No. 438, pp. 15–16]

In short, the Court has considered the relevant factors under § 3553, but finds its analysis unchanged from that at sentencing less than six months ago. Consideration of the substantial costs of incarceration do not compel a lower sentence in this case considering the gravity of the offense and other sentencing factors discussed above. As the government pointed out at sentencing, Smith's past criminal history and experience with drug treatment would suggest that there is a high likelihood that he will continue his criminal behavior in the future. A further reduction of Smith's sentence would unduly diminish the seriousness of his criminal conduct and would fail to provide sufficient specific or general deterrence under the circumstances. Therefore, having again considered the relevant sentencing factors, the Court finds that a sentence of 51 months is sufficient but not greater than necessary to attain the statutory goals and objectives outlined in § 3553. Accordingly, it is hereby

**ORDERED** that Defendant Ryan Matthew Smith's motion [Record No. 446] for reduction of his sentence under 18 U.S.C. § 3582(c)(2) is **DENIED**.

This 17th day of March, 2015.

Signed By:
*Danny C. Reeves* DCR
United States District Judge